UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO.

```
*******************************
                              *
ASTROLABE, INC.,              *
                              *
        Plaintiff,            *
                              *
    v.                        *
                              *
ARTHUR DAVID OLSON,           *
and PAUL EGGERT,              *
                              *
        Defendants.           *
                              *
*******************************
```

COMPLAINT, REQUEST FOR INJUNCTIVE RELIEF, RESTRAINING ORDER, DAMAGES AND TRIAL BY JURY

Parties

1. Plaintiff, Astrolabe, Inc. [hereinafter "Astrolabe"], is a for-profit Massachusetts corporation with a principal place of business at 350 Underpass Road, P.O. Box 1750, Brewster, Barnstable County, Commonwealth of Massachusetts 02631, and is engaged in the business of publication, marketing and sale, including computer software publications and/or programs pertaining to the field of astrology.

2. Defendant, Arthur David Olson [hereinafter "Olson"], is an individual with a last and usual residence at 7406 Hancock Avenue, #2, Takoma Park, Maryland 20912, and with a usual an ordinary place of business as a computer specialist at the Laboratory of Experimental Carcinogenesis, Building 37, Room 4146A, National Cancer Institute, National Institute of Health, 37 Convent Drive, MSC 4262, Bethesda, Maryland 20892.

3. Defendant, Paul R. Eggert [hereinafter "Eggert"], is an individual with a last and usual residence in the State of California, who is engaged in the business of computer services and programming, and employed as a lecturer with the University of California, Los Angeles, Computer Science Department, with a principal business address of:  UCLA Computer Science, Box 951596, 4532JBH, Los Angeles, Calfiornia 90095-1596.

Jurisdiction

4. Pursuant to a written agreement, Astrolabe is the copyright assignee of the copyright owner, of certain copyright-protected computer software programs and information contained therein, pursuant to the Copyright Protection Act, 17 U.S.C. Section 101, et seq., known as the "*ACS Atlas*," consisting of both the "*ACS International Atlas*," and the "*ACS American Atlas*," in the form of computer software program(s) and/or data bases, and in the form of electronic output and future electronic media from said programs [hereinafter "the Works"].

5. These atlases set forth interpretations of historical time zone information pertaining to innumerable locations throughout the world, based upon the compilation of historical research and documentation regarding applicable time zones officially and/or in actuality in effect, given the actual latitude and longitudes of specific locations throughout the world.

6. Upon information and belief, defendants Olson and Eggert have unlawfully reproduced the Works, in violation of the Copyright Protection Act, without proper permission and/or authorization from the copyright holder, and without paying royalties due and payable to the copyright holder and/or its assignee, Astrolabe, in computer software format.

7. Plaintiff, Astrolabe publishes, markets and sells its *ACS Atlas* programs (the Works) for commercial profit purposes to, *inter alia*, those interested and/or engaged in the business and field of astrology seeking to determine the historical time at any given time in any particular location, world-wide.

8. In connection with its rights to reproduce the Works, plaintiff Astrolabe is contractually obligated to pay royalties to the owner/assignor of the copyright and the authors of the same.

Facts

9. Defendant Olson's unauthorized reproduction of the Works have been published at ftp://elsie.nci.nih.gov/tzarchive.qz, where the references to historic international time zone data is replete with references to the fact that the source for this information is, indeed, the *ACS Atlas*.

10. In connection with his unlawful publication of some and/or any portion of the Works, defendant Olson has wrongly and unlawfully asserted that this information and/or data is "in the public domain," in violation of the protections afforded by the federal copyright laws.

11. Defendant Eggert's unauthorized reproduction of the Works have been published at http://cs.ucla.edu/~eggert/tz/tz-link.htm http://cs.ucla.edu/~eggert/tz/tz-art.htm, where the references to historic

      international time zone data is replete with references to the fact that the source for this information is, indeed, the *ACS Atlas*.

12. In connection with his unlawful publication of some and/or any portion of the Works, defendant Eggert has wrongly and unlawfully asserted that this information and/or data is "in the public domain," in violation of the protections afforded by the federal copyright laws.

13. On or about May 12, 2011, Astrolabe sent a "takedown notice" to both the National Institute of Health [hereinafter "NIH"], and the University of California Los Angeles hereinafter "UCLA"], which have failed and/or refused to remove the unauthorized publication and copying of the Works. See Exhibit 1, May 12, 2011, Letter to NIH, and Exhibit 2, May 12, 2011, Letter to UCLA.

14. Despite having received copies of the letters attached hereto as Exhibits 1 and 2, defendants Olson and Eggert continue to unlawfully publish the Works, without permission and/or authorization to do so.

Count I

*Copyright Violation -- Olson*

15. Plaintiff repeats and reasserts the matters set forth above, as if fully set forth herein, incorporating the same herein by reference, and further states:

16. In publishing any and/or all of the Works as set forth above, defendant Olson has and does so in violation of the federal copyright protection laws of the United States, to the detriment of plaintiff, Astrolabe.

17. Defendant Olson is well aware that the information and/or data wrongfully and unlawfully published by him violates the plaintiff's copyright in the Works.

18. As a direct and proximate cause of defendant Olson's unlawful and wrongful publication of some and/or any portion of the Works, he has unlawfully deprived plaintiff of income it would have otherwise derived from sales of the same, and has wrongfully and unlawfully asserted that the information and/or date taken from the Works is in the "public domain."

    WHEREFORE, plaintiff requests that this Honorable Court enter judgment in its favor, and against the defendant Olson, and enter the following orders and/or judgments of the Court:

        A. Issue a temporary restraining order prohibiting defendant Olson from unlawfully publishing any and/or some part of the Works;

    B. Issue a permanent injunction prohibiting defendant Olson from unlawfully publishing any and/or some part of the Works;

    C. Award plaintiff damages and such other amounts, including interest, attorney's fees and costs, for the unlawful and wrongful use of the Works.

    D. Such other orders and/or relief the Court deems just, reasonable and appropriate.

## Count II

*Copyright Violation -- Eggert*

19. Plaintiff repeats and reasserts the matters set forth above, as if fully set forth herein, incorporating the same herein by reference, and further states:

20. In publishing any and/or all of the Works as set forth above, defendant Eggert has and does so in violation of the federal copyright protection laws of the United States, to the detriment of plaintiff, Astrolabe.

21. Defendant Eggert is well aware that the information and/or data wrongfully and unlawfully published by him violates the plaintiff's copyright in the Works.

22. As a direct and proximate cause of defendant Eggert's unlawful and wrongful publication of some and/or any portion of the Works, he has unlawfully deprived plaintiff of income it would have otherwise derived from sales of the same, and has wrongfully and unlawfully asserted that the information and/or date taken from the Works is in the "public domain."

WHEREFORE, plaintiff requests that this Honorable Court enter judgment in its favor, and against the defendant Eggert, and enter the following orders and/or judgments of the Court:

    A. Issue a temporary restraining order prohibiting defendant Eggert from unlawfully publishing any and/or some part of the Works;

    B. Issue a permanent injunction prohibiting defendant Eggert from unlawfully publishing any and/or some part of the Works;

    C. Award plaintiff damages and such other amounts, including interest, attorney's fees and costs, for the unlawful and wrongful use of the Works.

    D. Such other orders and/or relief the Court deems just, reasonable and appropriate.

Plaintiff,

ASTROLABE, INC.

by its attorney,

 /s/ Julie C. Molloy
Julie C. Molloy    BBO#555176
379 Route 6A
East Sandwich MA 02537
Tel: (508) 833-3707
jcourtmolloy@gmail.com

Dated: September 30, 2011